José Muñoz-Vázquez, Plaintiff and Appellee, *v.* Marcelina Santana de Bonilla and Carmen Flores, Defendants and Appellants.

No. 3775. Argued January 28, 1926.—Decided April 28, 1926.

*Luis Mendín Sabat* for the appellants. *R. H. Blondet* and *Luis Campillo* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

José Muñoz Vázquez brought suit to recover the amount of a promissory note paid by him. The note was signed by Muñoz Vázquez and by Lorenzo Bonilla Flores as joint and several debtors, although Muñoz Vázquez was in fact only a surety.

Appellants now say that upon finding judgment for plaintiff the court below erred:

"I.—Having considered as stricken out the defense set up by defendants that the action is barred, notwithstanding the previous

ruling of the court on the plaintiff's motion to strike upholding the said defense.

"II.—Having sustained the complaint as to the total amount of the promissory note regardless of the fact that the amount of one hundred dollars had been paid, and because the last endorsement on the said promissory note was made in favor of one of the debtors· after it became due.

"III.—That the complaint does not state facts sufficient to constitute a cause of action."

The argument under the first proposition tends to create some confusion as to what actually occurred in the court below. The language of the ruling upon the motion to strike is not so definite and clear as could be desired, but upon the whole leaves little room to doubt that the court meant to strike the plea in bar. Nor does it appear that defendants in truth and in fact misunderstood such ruling or were in anywise misled to their prejudice.

The ruling should be construed in connection with the motion to strike which covered a number of different details and was sustained in part and overruled in other respects. It would be a sufficient answer to the argument of appellants on this point to say that the motion itself was not included in the transcript.

In support of the second proposition appellants cite *Martínez, Assignee of Fajardo,* v. *García et al.,* 18 P.R.R. 708. Counsel, however, overlooked the fact that the $100 as well as the balance were paid by Muñoz who sues not as a mere assignee of the original creditor but as a surety who has paid the note of his principal.

The third proposition of appellants seems to proceed more or less indiscriminately upon the theory of a suit upon a commercial note barred by limitation and upon the notion of a suit by a joint debtor to recover from his co-debtor the proportionate amount of the obligation that should have been paid by him. But, as we have already pointed out, neither of these theories is the theory of this case.

The judgment appealed from must be affirmed.